16650

THOMPSON v. SERVICE LIFE & HEALTH INS. CO.

(71 S. E. (2d) 529)

*Messrs. Watkins & Watkins,* of Anderson, *for Appellant,*

*Mr. W. Harper Welborn,* of Anderson, *for Respondent,* cites:

July 24, 1952.

TAYLOR, Justice.

This action was brought by respondent in the Court of Common Pleas for Anderson County, for the fraudulent breach by appellant of a contract of insurance, she having first tendered the amount of the premiums which has been previously returned to her. Appellant in its answer, among other things, alleges that respondent had in consideration of the refund of all premiums paid, executed a release wherein appellant was released from all liability arising out of such policy, and that such release was a bar to this action

At the conclusion of the testimony, appellant moved for a directed verdict in its behalf upon the ground that the testimony showed the release to be an effectual bar of the plaintiff's action. This motion was overruled and the case submitted to the jury who found for respondent. Appellant then moved for judgment *non obstante veredicto* on the same ground, and this motion was refused also.

We do not have a copy of the policy before us and the record was not printed in full. Apparently, however, the policy contained death benefits, health and accident features, with hospitalization and waiver of premiums under certain conditions.

Sometimes in the latter part of 1949, respondent became dissatisfied because the appellant failed to make payments

she claimed were due under the policy and turned the matter over to an attorney who wrote the company on September 1, 1950. Approximately three weeks later, an agent of the company, together with witnesses, called upon respondent at her home and procured a release from her from all liability under the policy upon return of the premiums which she had paid.

Respondent testified that she could not read or write and that she understood the money to be payment due her under the policy. She further testified that appellant's agent requested the return of the policy and she told him that it was in the hands of her lawyer; that she was ill at the time and had been ill the greater portion of that year. She admitted signing the release but stated that she did not understand she was accepting the $53.00 as the return of premiums but rather that it was payment due her under the terms of the policy; that she had previously refused to surrender the policy and did so again on this occasion telling appellant's agent that the policy was in the hands of her attorney.

Appellant's testimony is to the effect that the agent who first handled the matter was no longer with the company and that another agent called upon respondent, tendered her the amount of premiums paid in and obtained from her her signature to a release in the presence of two witnesses after the release was read and explained to respondent. However, this agent testified that he did not explain the significance of the provision providing for the waiver of premiums in the policy.

One of the witnesses to the release testified that the release was read and explained to her, but at another place in his testimony states:

"I read it over to Dora Thompson, and asked her if there was any way I could help her in the way of explaining it to her, and asked her if she would sign it. And this Annie Johnson that was there with her, she could read, but this Dora Thompson could not read, she said. I asked this Annie

Johnson if she wanted to read it over to her. *We were strangers and I thought she would trust this woman because she was visiting in Dora's home. Two doors above her is where this woman lived. But she didn't and went on talking about some policy there that she thought she was to draw some sick benefit from and didn't,* and Mr. Chreitzberg explained to her that the agent got the wrong age when she bought the policy. I didn't know anything about that."

In *Galphin v. Pioneer Life Ins. Co.,* 157 S. C. 469, 154 S. E. 855, 858, this Court in discussing a similar situation stated:

"We think, however, that the procedure followed in the case was proper, and that evidence was admissible as tending to show that the release had been obtained from the insured without a full knowledge or understanding on his part of his rights in the premises."

In the instant case the evidence shows that a release was obtained without the policy being surrendered as it was in the possession of respondent's attorney; that respondent was ill at the time and had been ill for sometime previous; that respondent was totally illiterate; that she was of the opinion that she was being paid such payment as was due her under the provisions of the policy and was not aware that she was relinquishing her rights under the waiver of premium and other provisions of the policy. All of which in our opinion was sufficient to require the Trial Judge to submit the case to the jury on the question of whether or not the insured signed the release with the full knowledge or understanding on her part as to her rights in the premises.

All exceptions, therefore, should be overruled and the judgment of the lower court affirmed and it so ordered.

BAKER, C. J., FISHBURNE and OXNER, JJ., and E. H. HENDERSON, A. A. J., concur.